**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-4254**

───────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JARED JAMILE FITZGERALD,

                Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of Virginia, at Danville. Jackson L. Kiser, Senior District Judge. (4:10-cr-00006-jlk-1)

───────────

Submitted: October 27, 2011      Decided: November 4, 2011

───────────

Before KING, WYNN, and DIAZ, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

John Weber, III, WEBERPEARSON, PC, Roanoke, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, R. Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jared Jamile Fitzgerald was convicted by a jury of conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006) (Count One); distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2006) (Counts Three and Five); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006) (Count Four); and commission of a criminal offense while on pretrial release, in violation of 18 U.S.C. § 3147 (2006) (Count Six). The district court imposed a total sentence of 169 months of imprisonment, and Fitzgerald timely appealed. We affirm.

On appeal, Fitzgerald first challenges the district court's denial of his Rule 29 motions for judgment of acquittal, contending that the evidence was insufficient to support his convictions. We review the district court's denial of a motion for a judgment of acquittal de novo. United States v. Green, 599 F.3d 360, 367 (4th Cir.), cert. denied, 131 S. Ct. 271 (2010). We are obligated to sustain a guilty verdict "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial evidence.'" United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006) (citations omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and

2

sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks and citation omitted).

A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). Furthermore, "[t]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." Id. at 1067 (internal quotation marks and citation omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Id. (internal quotation marks and citation omitted). With these standards in mind, we have reviewed the record and conclude that the evidence was sufficient to support Fitzgerald's convictions.

Fitzgerald next argues that the district court violated his Fifth Amendment right to fundamental fairness and due process when it calculated his Sentencing Guidelines range based on the determination that a preponderance of the evidence supported an attributable drug weight of 164.68 grams of cocaine base despite the jury's determination beyond a reasonable doubt that he was responsible for less than five grams. We review a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). "The first step in this review requires us to ensure that the district court committed no significant

3

procedural error, such as . . . improperly calculating . . . the Guidelines range." United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008) (internal quotation marks and citation omitted).

We review the district court's findings of fact for clear error. United States v. Thompson, 554 F.3d 450, 452 (4th Cir. 2009). "Clear error occurs when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Harvey, 532 F.3d 326, 336-37 (4th Cir. 2008) (internal quotation marks and citations omitted). "[W]hen a district court's factual finding is based upon assessments of witness credibility, such finding is deserving of the highest degree of appellate deference." Thompson, 554 F.3d at 452 (internal quotation marks and citation omitted).

We have expressly authorized lower courts to consider acquitted or uncharged conduct in establishing drug amounts in sentencing. United States v. Watts, 519 U.S. 148, 156-57 (1997); United States v. Perry, 560 F.3d 246, 258 (4th Cir. 2009). Indeed, the sentencing court is not bound by the evidence presented at trial when determining drug quantity or other relevant conduct and must consider reliable evidence of relevant conduct. United States v. Young, 609 F.3d 348, 358 (4th Cir. 2010).

4

We conclude that the district court did not err in its determination that a preponderance of evidence established that Fitzgerald was responsible for 164.68 grams of cocaine base. Furthermore, the explanation offered by the district court for its chosen sentence was sufficient to demonstrate its individualized assessment of the circumstances of Fitzgerald's case. Consequently, Fitzgerald's challenges to his sentence are without merit.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>